Filed 4/3/26  P. v. Norlund CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>THOMAS RILEY NORLUND,<br><br>    Defendant and Appellant. | F089510<br><br>(Super. Ct. No. 23-CRF-0018969)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Mariposa County.  Michael Fagalde, Judge.

Brad J. Poore, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Hill, P. J., Levy, J. and Harrell, J.

Defendant Thomas Riley Norlund (defendant) pled no contest to being a felon in possession of a firearm and was granted deferred entry of judgment (DEJ). Subsequently, the prosecution filed a petition for revocation of DEJ. The trial court held a review hearing, found that defendant violated his DEJ, and terminated DEJ. He was sentenced to the middle term of two years.

Defendant's appointed counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, identifying no error and asking our court to determine whether there are arguable issues on appeal. Defendant was afforded an opportunity to submit a supplemental brief but failed to do so in the time allotted. We have conducted an independent review of the record and find there are no arguable issues. Accordingly, we affirm.

## PROCEDURAL HISTORY AND BACKGROUND

On November 17, 2023, the Mariposa County District Attorney filed an information charging defendant with possession of a firearm by a felon (Pen. Code,[1] § 29800, subd. (a)(1); count 1).

On January 16, 2024, defendant pled no contest to count 1. On February 13, 2024, pursuant to the plea agreement, the trial court granted defendant DEJ, ruling that if he successfully completed mandatory supervision in a separate case, Mariposa County Superior Court case No. 23-CRF-0019013, and he did not violate any laws, this case would be dismissed.

On June 11, 2024, defendant pled no contest to a new misdemeanor offense and admitted a violation of mandatory supervision in Mariposa County Superior Court case No. 23-CRF-0019013 based on that offense, but, pursuant to the agreement, the prosecution did not pursue a violation of DEJ in this case.

---

[1] Undesignated statutory references are to the Penal Code.

On December 2, 2024, the prosecution filed a petition for revocation of DEJ in this case on the grounds that "[d]efendant … continued to violate laws, and continue[d] to use and possess narcotics." On February 11, 2025, the trial court held a DEJ review hearing. It found that defendant violated his DEJ, and it terminated DEJ. On March 18, 2025, defendant was sentenced to the middle term of two years. Ultimately, the court awarded defendant a total of 441 days of custody credits.

On March 18, 2025, defendant timely filed a notice of appeal.

## FACTUAL SUMMARY OF DEJ REVIEW HEARING

**The Prosecution's Case**

On November 29, 2024, Johnathan Converse, a deputy sheriff with the Mariposa County Sheriff's Office, conducted a traffic stop. Defendant was driving the vehicle that was stopped, and Mary G. (Mary) was a passenger. Defendant was the owner of the vehicle.

During the stop, Converse contacted dispatch and was informed that both defendant and Mary were on probation "with search and seizure terms." He also obtained consent to search the vehicle. He then conducted a search.

Converse found a hidden compartment behind the radio. In that compartment he found a small "zipper baggie" that contained burnt tinfoil and one-tenth of a gram of methamphetamine. The burn marks were indicative that narcotics had been heated for ingestion. Converse also found multiple pieces of recent mail in a void space behind the glove compartment. The mail was addressed to various parties, but not to defendant or Mary.

Both defendant and Mary denied knowing about the presence of the methamphetamine and the mail.

**Defendant's Case**

Defendant testified on his own behalf. According to defendant, he did not know there was methamphetamine behind the radio or mail behind the glove box. While he did

3.

buy the vehicle, he also let others drive it, including Mary. Mary had previously used drugs, and the pouch that Converse found in the vehicle was the same type of pouch that defendant had seen in Mary's belongings.

## **DISCUSSION**

As noted above, defendant's counsel filed a *Wende* brief identifying no basis for relief and asking that we review the record to determine whether there were any arguable issues on appeal. Having carefully reviewed the entire record, we conclude that there are no arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441–443.)

## **DISPOSITION**

The judgment is affirmed.